

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 11, 1949

Hon. Sam Lee            Opinion No. V-841.
County Attorney
Brazoria County    Re:  Authority of Commissioners'
Angleton, Texas         Court to create a drainage
                        district in a conservation
                        and reclamation district.

Dear Sir:

We refer to your letter in which you submit the following question:

"The Commissioners' Court of Brazoria County, Texas, has entertained a petition presented to it pursuant to the authority granted in Articles 8097 and 8098, R.C.S. for the purpose of creating a drainage district in a portion of Brazoria County.

"Brazoria County is a part of the Brazos River Conservation and Reclamation District. The whole of Brazoria County, including the proposed area out of which it is desired to create a drainage district, is a part of the Brazos River Conservation and Reclamation District. This district was created by the Legislature of the State of Texas by the Acts of 1929, 41st Legislature, Second Called Session, as amended and the text of the law is found in a footnote under Section 2 of Article 8197f. The Act was amended by the 42nd Legislature in its First Called Session, Page 8, Chapter 5 of the General and Special Session Laws, and the text of the amendment is found in the Revised Civil Statutes in the pocket part, Article 8197f, Section 5.

"Therefore, my question to you is as follows:

"Does the Commissioners' Court of
Brazoria County, under Article 8102 and
8103, have the power to form a new drain-
age district out of a part of the terri-
tory located in Brazoria County where
there is no present and existing drainage
district and reclamation district, in the
event that all of Brazoria County is a
part of the Brazos River Conservation and
Reclamation District as provided by Sec-
tion 5, Title 128, Chapter 8, R.C.S. shown
as footnote under Article 8197f, R.C.S."

Your question involves the construction of
Acts 1945, 40th Legislature, page 186, Chapter 143,
which is also Sections 1-8 of Article 8193-1 of Ver-
non's Civil Statutes.  The caption of the Act reads:

"An Act to provide for the abolition
of drainage districts in all counties in
this State where there shall have been
created or may hereafter be created by the
Legislature, or under its authority, a
flood control district or conservation or
reclamation district composed of all or a
portion of the territory of such counties,
pursuant to the provisions and under auth-
ority of Section 59 of Article XVI of the
Constitution, whose territory includes such
drainage districts; providing for the pay-
ment of the outstanding bonded and other
indebtednesses of such districts; author-
izing and requiring actions by the Commis-
sioners' Court; providing for elections,
for the payment of outstanding bonded and
other indebtedness, for the levy and col-
lection of taxes; and declaring an emer-
gency."  (Emphasis added throughout)

The subject in the caption is the abolition
of drainage districts on all counties where there have
been or may hereafter be created by the Legislature or
under its authority, flood control, conservation or
reclamation districts.  Prohibiting the creation of new
drainage districts is not mentioned in the caption.

Article 8193-1, Section 1 reads:

"In all counties in Texas, where there shall have been created, or shall hereafter be created. . . a flood control district, or conservation and reclamation district, composed of all or a portion of the territory of such county, and one or more drainage districts had theretofore been organized under the authority of and pursuant to the provisions of Chapter 7, Title 128, Revised Civil Statutes, 1925, Articles 8097, et seq., which lie wholly within the boundaries of such flood control district, or conservation and reclamation district, such drainage districts may be abolished in the manner provided by this Act; and when so abolished, no such drainage district shall thereafter be organized which shall include within its boundaries any portion of any territory theretofore incorporated within the boundaries of such flood control district or conservation and reclamation district."

Section 2 provides that upon petition of resident taxpaying voters in each drainage district praying that an election be ordered for the purpose of determining whether or not such drainage district or districts having outstanding bond indebtedness be abolished, the Commissioners' Court shall order an election to be held within the flood control or conservation and reclamation district for the purpose of determining whether or not such drainage district or districts shall be abolished and the outstanding bonded and other indebtedness shall be assumed by such flood control or conservation and reclamation district within the boundaries of which such districts lie. Then follows provisions for posting or publishing notices of election in the county where such districts are situated. No provision is made for an election in any other county in the flood control or conservation and reclamation district.

Section 3 provides that the Commissioners' Court may abolish drainage districts having no bonded indebtedness after notice and that all property of the drainage district shall pass into control of the flood control or conservation and reclamation district. When the Court acts, all of the property of the drainage district passes to the flood control or conservation and reclamation district.

Section 4 provides that the elections provided for in Section 2 shall be held in the flood control or conservation and reclamation district and that only qualified voters who own taxable property in the flood control or conservation and reclamation districts and who have rendered it for taxation shall be qualified to vote in such election and they shall vote in the election precinct of their residence.

Section 5 provides for returns of the election to the Commissioners' Court, declaring the result of the election, and levy of taxes to pay drainage district indebtedness. Clearly, such an election may only be held in the county in which the Commissioners' Court was authorized to act.

Section 7 provides that upon the effective date of such election all of the property of the drainage district shall pass into the control and jurisdiction of the officers of the flood control or conservation and reclamation district.

Section 8 reads:

"After the abolition of such drainage districts, as hereinabove provided, no other drainage districts shall be created within the boundaries of the flood control district or conservation and reclamation district. The provisions of this law shall control in the counties to which it applied over the provisions of any other laws authorizing or regulating drainage districts. Acts 1945, 49th Leg., p. 186, ch. 143."

We are of the opinion that Article 8193-1 applies only to the abolition of drainage districts in flood control or conservation and reclamation districts composed of all or a portion of the territory of one county and does not prohibit the creation of drainage districts in such flood control or conservation and reclamation districts which are composed of more than one county; or which does not embrace territory of a drainage district which has been abolished.

A large number of counties and parts of counties are contained in the description of Brazos River

Conservation and Reclamation District, (Acts, 1929, Forty-first Legislature, Second Called Session, page 22, Chapter 13, as amended in Acts, 1931, Forty-second Legislature, First Called Session, page 8, Chapter 5, Section 1) and we assume that no flood control district composed of Brazoria County or a portion of it has been created, by reason of which Brazoria County is not within the provisions of Article 8193-1 of Vernon's Civil Statutes.

As it appears in Subsection (d) of Section 9 in Vernon's Civil Statutes, Volume 21, page 539, the law under which Brazoria County Conservation and Reclamation District exists and operates, the creation of districts such as Drainage Districts, within said Brazoria County are expressly authorized. It reads:

"(d)  It is, however, further provided that if the electors of any defined area within this district desire they may become a Water Control and Improvement District for the purpose of independently providing, operating, and maintaining improvements designed peculiarly to serve such defined area. Such contained defined area may be so constituted under the applicable provisions of said Chapter 25. In like manner any other political subdivision of the State of Texas being in whole or in part in this district may independently provide, maintain and operate works peculiarly designed to benefit such body politic. In either case, however, such works and the operation thereof shall be constructed and operated in such manner as will conform to this district plan to the greatest practicable degree. (As amended Acts 1935, 44th Leg., p. 56, ch. 19, sec. 4)."

## SUMMARY

Article 8193-1, V.C.S. provides only for abolishing drainage districts situated within the boundaries of flood control or conservation and reclamation districts composed of all or a portion of the territory

of one county.  Its provisions do not
prohibit the creation of drainage dis-
tricts where no such district was abol-
ished in Brazoria County under the
facts stated.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By W. T. Williams

W. T. Williams
Assistant

WTW:wb

APPROVED:

Price Daniel

ATTORNEY GENERAL